UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:17-cr-374-T-35MAP

ANDREW AARON KUTT
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Bond. (Dkt. 18.) The Government opposes the motion and seeks detention. (Dkt. 21.) In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a hearing was held in this matter on October 23, 2017. Upon consideration, the Court concludes that the following facts require the detention of Defendant Andrew Aaron Kutt.

Defendant is charged in an Indictment with possessing with the intent to distribute five grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possessing with the intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Government seeks detention on the grounds that Defendant is a risk of flight and danger to the community should he be released. Upon consideration, for the reasons stated on the record at the hearing and based on the factors under 18 U.S.C. § 3142(g), to specifically include the nature and circumstances of the offenses charged, the weight of the evidence against Defendant, the history and characteristics of Defendant, and the nature and seriousness of the danger to the community that would be posed by Defendant's pretrial release, the Court finds that Defendant should be detained pending the final outcome of this case. Specifically, the Court finds that Defendant's release would present a risk of flight and danger to the community given his ties to communities outside of the Middle

District of Florida, criminal history including acts of violence, and numerous prior violations of pretrial release and probation. Further, Defendant's Pretrial Services Report states that Defendant's initial urinalysis tested positive for opiates, amphetamines, and methamphetamines and that Defendant reported that he regularly uses those substances. Additionally, as proffered by the Government, the instant offenses involve multiple controlled purchases of distribution quantities of illegal narcotics, including methamphetamine, fentanyl, and heroin, which Defendant admitted possessing. The evidence against Defendant appears strong. Thus, the Government established clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (explaining that Section 3142(f) requires a finding that "no condition or combination of conditions will reasonably assure the safety of the community be supported by clear and convincing evidence"). Further, the Government has established by a preponderance of the evidence that no condition or combination of conditions are available that will reasonably assure the Defendant's future appearance at trial. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (government's burden of proof on the question of risk of flight is governed by the preponderance of the evidence standard); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (same). Given that there are no circumstances available to the Court that would allow for Defendant's release and assure the safety of the community as well as Defendant's future appearance in court, it is hereby **ORDERED** that Defendant's Motion for Bond (Dkt. 18) is **DENIED** and that Defendant be **DETAINED**.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall

be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Tampa, Florida, on October 23, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
United States Pretrial Services
United States Marshals Service