UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     CASE NO: 8:17-cr-374-MSS-SPF-1

ANDREW AARON KUTT,

    Defendant.
_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Dkt. 53), the Government's response in opposition, (Dkt. 58), and Defendant's reply thereto. (Dkt. 59) On February 5, 2018, Defendant was sentenced to a total term of 120 months' incarceration after he pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. (Dkt. 41) Defendant is 52 years old, is incarcerated at FCI Forrest City Medium in Forrest City, Arkansas, and is projected to be released on October 27, 2025. https://www.bop.gov/inmateloc/(last accessed Apr. 29, 2024).

Defendant seeks compassionate release from incarceration pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 53) A district court may reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Defendant contends in his Motion that he submitted a request for compassionate release to the warden of his facility on March 12, 2023. (Dkt. 53 at 17) On March 15, 2023, the warden denied Defendant's request. (Dkt. 54-1 at 2–3) The Government concedes Defendant exhausted administrative remedies. (Dkt. 58 at 5) Accordingly, Defendant's Motion is ripe for review on the merits.

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release is U.S.S.G. § 1B1.13. The policy statement defines "extraordinary and compelling reasons" for purposes of 3582(c)(1)(A) and it is binding on this Court. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Under § 1B1.13, circumstances identified in the following categories may render a defendant eligible for a sentence reduction: (1) serious medical circumstances of the defendant; (2) advanced age, resulting in a serious deterioration in physical or mental health, where the defendant has served the lesser of at least 10 years or 75 percent of the term of imprisonment; (3) family circumstances that result in the defendant being

the only available caregiver for a minor or incapacitated immediate family member or similar individual; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in (1) through (4), are similar in gravity to those described in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years' imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. §1B1.13(b)(1)–(6). Even if a defendant meets his burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013).

In the Motion, Defendant requests compassionate release on the basis that he received an unusually long sentence. (Dkt. 53) Defendant maintains his sentence was calculated based on factors that no longer apply or the calculation afforded significance and weight to factors that would not be afforded today. Since Defendant's sentencing in 2018, due to the passage of the First Step Act and its modification of the definition of a "serious drug felony," the mandatory minimum applicable to Defendant's conviction has been reduced from 10 years' imprisonment to 5 years' imprisonment. (Id. at 21; Dkt. 58 at 5) This change in the applicable mandatory minimum was not made retroactive.

Invoking the language of §1B1.13(b)(6), Defendant argues that his sentence is

3

now "unusually long" because it exceeds the five-year sentence that would apply to his conviction today. (Dkt. 53 at 23–25) Defendant also notes that Defendant's incarceration has been affected by the COVID-19 pandemic and its aftermath, although he provides no specific facts as to how the pandemic affected him. (Id. at 31) Defendant presents no other factual circumstances for the Court to consider in deciding whether a sentence reduction is warranted.

Defendant has not presented facts to support this Court finding "extraordinary and compelling reasons" exist in Defendant's case to warrant a sentence reduction. Defendant presents no facts to support such a finding under the categories listed in U.S.S.G. §1B1.13(b)(1)–(5). As for Defendant's argument under §1B1.13(b)(6), the Court acknowledges that if Defendant were sentenced today, he would not be subject to a 10-year mandatory minimum. But §1B1.13(b)(6) is available only to defendants who have served at least 10 years' imprisonment in connection with the unusually long sentence. Defendant has served roughly six years' imprisonment. As such, the Court finds that Defendant has not met his burden of establishing that the length of his sentence constitutes an extraordinary and compelling reason justifying compassionate release under U.S.S.G. §1B1.13(b).

The Court has also considered the applicable section 3553(a) factors and the dangers posed to the public, as it must. Defendant is a non-violent offender who has served approximately 62 percent of his term of incarceration, and the Court does not find that Defendant's early release would pose a danger to the community. Thus, the 3553(a) factors and USSG §1B1.13 policy statement would weigh in favor of granting

a reduction in Defendant's sentence. Even so, in the absence of extraordinary and compelling circumstances that the Court is permitted by law to consider, the Court cannot grant compassionate release at this time.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Dkt. 53), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, this 6th day of May 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:** Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial